**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4158

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID GRANT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-04-302)

Submitted:  February 22, 2006        Decided:  March 14, 2006

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William L. Runyon, Jr., Charleston, South Carolina, for Appellant.
John Charles Duane, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David Grant, Jr., appeals his conviction and sentence to 168 months' imprisonment for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(c) (2000). Grant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal but raising the issue of whether there was appealable error under United States v. Booker, 543 U.S. 220 (2005). Grant was notified of his right to file a pro se supplemental brief but did not do so. Finding no meritorious issues, we affirm.

Grant was convicted after his guilty plea pursuant to a plea agreement. He did not move to withdraw his plea in the district court, and he does not now contest the voluntariness of his plea. The district court fully explained the charges, the range of penalties, and the rights Grant was giving up by pleading guilty. Grant acknowledged that he understood the district court's explanation and was satisfied with his attorney. Upon our review, we find no plain error in the district court's acceptance of Grant's guilty plea. See United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002).

Grant did not object to the presentence report or dispute his prior convictions, which were used to enhance both his base offense level and his criminal history category. In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme

Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. This court has confirmed that Almendarez-Torres was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), or United States v. Booker, 543 U.S. 220 (2005), and remains the law. United States v. Cheek, 415 F.3d 349 (4th Cir. 2005). We accordingly conclude that the district court did not err when it used Grant's prior convictions in calculating his sentence. Moreover, there is no nonspeculative basis for concluding that the district court would have imposed a different sentence under a non-mandatory application of the sentencing guidelines. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED